# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELYN CASTRO,<br><br>　　　　　　　　Plaintiff,<br>vs.<br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　　　　　Defendant. | CASE NO. 12cv1194-LAB (MDD)<br><br>REPORT AND RECOMMENDATION RE: CROSS MOTIONS FOR SUMMARY JUDGMENT |

This Report and Recommendation is submitted to United States District Judge Larry A. Burns pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1(c) of the United States District Court for the Southern District of California.

**I.　Introduction**

On or about October 4, 2010, Plaintiff Evelyn Castro filed an application for disability insurance benefits and Supplemental Security Income (SSI) benefits alleging disability beginning March 1, 2008. (A.R. at 27–33). At Plaintiff's request, a hearing was held on October 10, 2011, before Administrative Law Judge Edward D. Steinman. (A.R. 34–56). On October 27, 2011, Judge Steinman issued a written decision finding that Plaintiff was not disabled. (A.R. at 7–26). Plaintiff appealed, and the Appeals Council denied the request for review, making Judge Steinman's decision the final decision of the Commissioner. (A.R. at 1–6).

On May 16, 2012, Plaintiff filed the instant action challenging Judge

Steinman's decision. (ECF No. 1). On September 10, 2012, Plaintiff moved for "Reversal and/or Remand." (ECF No. 10). The Court is construing that motion as a motion for summary judgment. On September 27, 2012, Defendants cross-moved for summary judgment, and responded to Plaintiff's motion. (ECF Nos. 11, 12).

Plaintiff presents two issues in her motion: 1. "Whether the Commissioner's decision is based on 'substantial evidence';" and, 2. "Whether the decision comports with the law." Plaintiff's two-page argument, however, focuses solely on whether Judge Steinman committed legal error by failing to accord *res judicata* effect to an earlier decision by Administrative Law Judge Parker which found that although Plaintiff was not disabled, her residual functional capacity limited her to light work. Plaintiff does not specifically identify any finding by Judge Steinman that she claims is unsupported by substantial evidence nor allege any other error in Judge Steinman's decision. Consequently, the Court will focus its analysis on the *res judicata* issue.

## II.  Prior Proceedings

On August 15, 2006, Plaintiff applied for supplemental security income alleging disability beginning in 2001. (*See* A.R. at 60). After a hearing, Administrative Law Judge Larry B. Parker denied Plaintiff's application holding that Plaintiff was not disabled. *Id.* at 66. In so holding, Judge Parker found that Plaintiff had "the residual functional capacity to perform *light level work activity* . . . involving simple repetitive tasks." *Id.* at 63 (emphasis added).

On August 5, 2010, the Appeals Council adopted in part Judge Parker's decision. (A.R. at 74–76). The Appeals Council affirmed Judge Parker's decision that Plaintiff was not disabled. *Id*. The Appeals Council declined to adopt that part of Judge Parker's decision finding that Plaintiff's residual functional capacity was limited to light level work activity. The Appeals Council stated:

> There was no work activity and no exertional limitations alleged and there is little if any medical evidence to suggest the claimant had any exertional limitations. The decisional finding that the claimant was limited to light exertion was not explained, and is not supported by the

evidence of record.

*Id*. at 74–75. The Appeals Council vacated Judge Parker's finding related to residual functional capacity and found: "The Claimant can perform simple, repetitive tasks at *all exertional levels*." *Id.* at 75 (emphasis added).

Plaintiff did not seek judicial review of the decision of the Appeals Council. Rather, about two months later, Plaintiff filed a new application for benefits. It is the denial of that application which has been appealed to this Court.

### III.     Summary of Proceedings before Judge Steinman

Plaintiff was required, in her renewed application, to prove "changed circumstances" to overcome the presumption of continuing nondisability arising from the prior proceedings. *See Chavez v. Bowen,* 844 F.2d 691, 693 (9th Cir. 1988) ("The claimant, in order to overcome the presumption of continuing nondisability arising from the first administrative law judge's findings of nondisability, must prove 'changed circumstances' indicating a greater disability.") (quoting *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985))).

Plaintiff did not present any new evidence of changed medical circumstances in her renewed application. (ECF No. 10-1 at 10 ("Plaintiff concedes, and the medical records show there are no changed medical circumstances.")); (ECF No. 11 at 3 ("Plaintiff has conceded that her medical records show there are no changed medical circumstances. Therefore, Plaintiff's medical records are not relevant to this appeal.")).

The only change in circumstances presented by Plaintiff is that her age now entitles her to a different disability standard if, as she asserts, the earlier ruling limiting her to light work stands. (ECF No. 10-1 at 10). Subsequent to Judge Parker's decision, Plaintiff attained 55 years of age. By regulation, a person of age 55 or older is deemed to be of "advanced age." 20 C.F.R. Section 404.1563(e). Because "age significantly affects a person's ability to adjust to other work" the regulations create "special rules" taking into consideration a person's aging. *Id.* A change in age

1 | may also factor into the Commissioner's final decision regarding disability.

2 |     The regulations direct a decision of "disabled" where claimant is limited to
3 | light work, is of advanced age, has a high school education, and has no work
4 | experience. 20 C.F.R. 404, subpt. P, app. 2, §202.04. If Judge Steinman had given
5 | *res judicata* effect to Judge Parker's residual functional capacity finding, Plaintiff
6 | would fall into this category and likely would be eligible for disability benefits. *See*
7 | *id.*

### A. Summary of Testimony

The following is taken from testimony given on October 10, 2011, at Plaintiff's hearing before Judge Steinman.

#### 1. Plaintiff

As an initial matter Plaintiff amended her disability onset date to September 30, 2010, the date of her application. (A.R. at 36). Plaintiff testified that she had no relevant work history. (A.R. at 37). Plaintiff testified that she had mental and emotional problems that affected her ability to work and maintain healthy relationships. (A.R. at 37–39). Plaintiff testified that she is sad and lonely and spends three-fourths of her day in bed. (A.R. at 39). Plaintiff testified that she was able to complete some household chores. *Id.*

Plaintiff testified that she has a driver's license and is able to drive herself to medical appointments, to run errands, and to drive her grandchild to school. (A.R. at 39–40). Plaintiff testified that she suffers from urinary incontinence and requires an incontinence pad that must be changed approximately three times daily. (A.R. at 40–42). Plaintiff testified that she suffers from depression, takes the antidepressant Zoloft to regulate her mood, and contemplates being "better off dead." (A.R. at 43).

Plaintiff testified that she had foot problems that caused her pain and limited her ability to stand and walk. (A.R. at 44–45). Plaintiff testified that she experienced pain in her right hand that caused her to lose strength in the hand. (A.R. at 45–46). Plaintiff confirmed that she had a GED. (A.R. at 53).

### 2. **Vocational Expert**

Vocational Expert Connie Guillory testified that an individual of Plaintiff's age, educational and vocational background, limited to simple, repetitive, non-public, medium work with limited contact with peers and supervisors could perform several jobs.[1] Ms. Guillory gave three examples of jobs Plaintiff should be able to perform: (1) production assistant, 2,100 positions locally and 71,900 positions nationally; (2) hand packager, 2,200 positions locally and 114,000 nationally; and (3) laundry worker, 1,200 positions locally and 80,000 nationally. Ms. Guillory testified that no work was available if Plaintiff's impairment actually forced her to remain in bed three-quarters of the day.

### B. **Judge Steinman's Decision**

After the hearing, Judge Steinman made the following findings:

> 1. The Claimant has not engaged in substantial gainful activity since September 30, 2010, the application date (20 CFR 416.971 *et seq*.).
>
> 2. The Claimant has the following severe impairments: major depressive disorder; and psychotic disorder (20 CFR 416.920( c )).
>
> 3. The Claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. **After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant has no severe physical impairment, except she needs to be near a bathroom due to urinary incontinence and the need to change a pad, three times, per day; and due to her severe mental impairments, the claimant can perform non-public simple repetitive tasks, with limited contact with peers and supervisors.**
>
> 5. The Claimant has no past relevant work (20 CFR 416.965).
>
> 6. The Claimant was born on January 12, 1955 and was 55 years old, which is defined as an individual of advanced age, on the date the

---

[1] Although Ms. Guillory expressed doubt that Plaintiff's need to be near a restroom, due to her urinary incontinence, would limit the number of jobs available to Plaintiff, for the sake of caution all outdoor jobs were eliminated from consideration. Outdoor jobs represented twenty-five percent of the 900 jobs Plaintiff should be able to perform considering her circumstances.

application was filed (20 CFR 416.963).

7. The Claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the Claimant does not have past relevant work (20 CFR 416.968).

9. Considering the Claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the Claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The Claimant has not been under a disability, as defined in the Social Security Act, since September 30, 2010, the date the application was filed (20 CFR 416.920(g)).

(A.R. at 13–21 (emphasis added)).

### III. Legal Standard

The supplemental security income program provides benefits to disabled persons without substantial resources and little income. *See* 42 U.S.C. § 1381a. To qualify, a claimant must establish an inability to engage in "substantial gainful activity" because of a "medically determinable physical or mental impairment" that "has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). The disabling impairment must be so severe that, considering age, education, and work experience, the claimant cannot engage in any kind of substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner makes this assessment through a five-step analysis. First, the claimant must not currently be working. 20 C.F.R. § 416.920(b). Second, the claimant must have a "severe" impairment. 20 C.F.R. § 416.920(c). Third, the medical evidence of the claimant's impairment is compared to a list of impairments that are presumed severe enough to preclude work. 20 C.F.R. § 416.920(d). If the claimant's impairment meets or equals one of the listed impairments, benefits are awarded. 20 C.F.R. § 416.920(d). If the claimant's impairment does not meet or equal a listed impairment, a finding of claimant's residual functional capacity is made based on all the relevant medical and other evidence in the record. 20 C.F.R. §

1  416.920(e). The claimant's residual functional capacity is used in the fourth and fifth
2  steps. *Id.* Fourth, if the claimant can do his past work, benefits are denied. 20 C.F.R.
3  § 416.920(f). Fifth, if the claimant cannot do his past work and, considering the
4  claimant's age, education, work experience, and residual functional capacity, cannot
5  do other work that exists in the national economy, benefits are awarded. 20 C.F.R. §
6  416.920(g). The last two steps of the analysis are required by statute. 42 U.S.C. §
7  1382c(a)(3)(B).

8  An unsuccessful applicant may seek judicial review of the Commissioner's final
9  agency decision. 42 U.S.C. §§ 405(g), 1383(c)(3) (incorporating 405(g) for SSI judicial
10 review). The scope of judicial review is limited, however, and the Commissioner's
11 denial of benefits "will be disturbed only if it is not supported by substantial evidence
12 or is based on legal error." *Brawner v. Secretary of Health and Human Services*, 839
13 F.2d 432, 433(9th Cir. 1988) (quoting *Green v. Heckler*, 803 F.2d 528, 529 (9th Cir.
14 1986)).

15 Substantial evidence means "more than a mere scintilla" but less than a
16 preponderance. *Sandqathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997). "[I]t is such
17 relevant evidence as a reasonable mind might accept as adequate to support a
18 conclusion." *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).
19 The court must consider the record as a whole, weighing both the evidence that
20 supports and detracts from the Commissioner's conclusions. *Desrosiers v. Secretary*
21 *of Health & Human Services*, 846 F.2d 573, 576, (9th Cir. 1988). If the evidence
22 supports more than one rational interpretation, the court must uphold the ALJ's
23 decision. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). When the evidence is
24 inconclusive, "questions of credibility and resolution of conflicts in the testimony are
25 functions solely of the Secretary." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir.
26 1982).

27 The ALJ has a special duty in social security cases to fully and fairly develop
28 the record in order to make an informed decision on a claimant's entitlement to

disability benefits. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991). Because disability hearings are not adversarial in nature, the ALJ must "inform himself about the facts relevant to his decision," even if the claimant is represented by counsel. *Id.* (quoting *Heckler v. Campbell*, 461 U.S. 458, 471 n.1 (1983)).

Even if the reviewing court finds that substantial evidence supports the ALJ's conclusions, the court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching his or her decision. *Benitez v. Califano*, 573 F.2d 653, 655 (9th Cir. 1978). Section 405(g) permits a court to enter a judgment affirming, modifying, or reversing the Commissioner's decision. 42 U.S.C. § 405(g). The reviewing court may also remand the matter to the Social Security Administrator for further proceedings. *Id.*

## IV.  Discussion

Plaintiff contends that Judge Parker's residual functional capacity finding, limiting Plaintiff to "light exertion," should be given *res judicata* effect. (ECF No. 10-1 at 10). Plaintiff claims that if she was found to have a residual functional capacity that limited her work to light exertion she should now be designated disabled and would be entitled to benefits. *See id.*

Judge Steinman did not give *res judicata* effect to Judge Parker's finding. Judge Steinman found that Plaintiff "has the residual functional capacity to perform a full range of work at all exertional levels." (A.R. at 14). Judge Steinman found that Plaintiff was of "advanced age" within the meaning of the regulations. (A.R. at 20). Judge Steinman did not adopt Judge Parker's finding that Plaintiff was limited to light work. Rather, based upon the record before him, Judge Steinman found that Plaintiff could perform at all exertional levels, and considering that there were no changed medical circumstances presented, determined that her change in age did not affect her eligibility for benefits. *See* 20 C.F.R. 404, subpt. P, app. 2, §204.00.

### A.  Administrative *Res Judicata*

In *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988), the Ninth Circuit held

that the principles of *res judicata* apply to administrative decisions regarding disability. "The claimant, in order to overcome the presumption of continuing nondisability arising from the first administrative law judge's findings of nondisability, must prove 'changed circumstances' indicating a greater disability." *Id.; see also Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173 (9th Cir. 2008). A plaintiff can bear the *Chavez* burden by proving that his or her condition has worsened or that there are other changed circumstances that would indicate greater limitations. *Fair v. Bowen*, 885 F.2d 597, 600 (9th Cir. 1989).

If Judge Parker's decision regarding Plaintiff's residual functional capacity was the final decision of the Commissioner it would be entitled *res judicata* consideration. *See Chavez,* 844 F.2d at 693. But, Judge Parker's determination of Plaintiff's residual functional capacity was not the final decision of the Commissioner. Plaintiff appealed Judge Parker's decision and the Appeals Council heard her appeal. (A.R. 74–76). The Appeals Council adopted Judge Parker's finding that Plaintiff was not disabled, but did not adopt his decision in full. *Id.* The Council specifically found fault in Judge Parker's finding regarding Plaintiff's residual functional capacity stating: "The decisional finding that the claimant was limited to light exertion was not explained, and is not supported by the evidence of record." *Id.* The Council then held that, "claimant can perform simple, repetitive tasks at *all exertional levels.*" *Id.* (emphasis added). Plaintiff's changed circumstance, her age, does not affect the residual functional capacity finding.

Where the Appeals Council decides to review a case and makes a decision, that decision is the final decision of the Commissioner. *See* 20 C.F.R. § 416.1481.

> The Appeals Council may deny a party's request for review or it may decide to review a case and make a decision. The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you or another party file an action in Federal district court, or the decision is revised. You may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's action.

*Id*. "The Appeals Council may affirm, modify or reverse the administrative law judge

hearing decision." 20 C.F.R. § 416.1479. Here, the Appeals Council elected to modify Judge Parker's decision and, *inter alia*, change the residual functional capacity finding. (A.R. at 76). Plaintiff did not address the Appeals Council's decision in her motion and did not file an opposition to the cross-motion for summary judgment. Plaintiff has not offered any legal basis for this Court to find that the Appeals Council decision is not the final decision of the Commissioner regarding Plaintiff's previous application.

Judge Steinman found that Plaintiff had not rebutted the presumption of continuing non-disability and did not present persuasive evidence of changed circumstances beyond what was presented to Judge Parker. Consequently, Judge Steinman applied the rule applicable to persons with no exertional restrictions rather than the rule which would apply to persons limited to light work. (A.R. at 11).

Judge Steinman did not err in failing to accord *res judicata* effect to the residual capacity finding of Judge Parker that was not adopted by the Appeals Council.

### B. Substantial Evidence

Plaintiff has not identified any specific finding of Judge Steinman that she alleges is unsupported by substantial evidence. Based upon its review of the record, the Court similarly has not identified any finding that is unsupported by substantial evidence. Plaintiff's advanced age, considering her residual functional capacity of all exertional levels, does not warrant a finding of disability according to the regulations. *See* 20 C.F.R. 404, subpt. P, app. 2, § 204.00.

### V. Conclusion

As the Court finds that the ALJ did not commit reversible error in finding that Plaintiff is not disabled, the Court RECOMMENDS that Plaintiff's Motion be DENIED and that Defendant's Motion be GRANTED.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).

1   IT IS HEREBY ORDERED that any written objection to this REPORT must be
2 filed with the Court and served on all parties no later than **November 28, 2012.**  The
3 document should be captioned "Objections to Report and Recommendations."
4   IT IS FURTHER ORDERED that any reply to the objections shall be filed with
5 the Court and served on all parties no later than **December 12, 2012.**  The parties
6 are advised that failure to file objections within the specific time may waive the right
7 to raise those objections on appeal of the Court's order.  *Martinez v. Ylst*, 951 F.2d
8 1153 (9th Cir. 1991).
9 **IT IS SO ORDERED.**

11 DATED:  November 8, 2012

13 Hon. Mitchell D. Dembin
14 U.S. Magistrate Judge